IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § <br> MICHAEL GLYN BROWN, § <br> LIONHEART COMPANY, INC., § <br> CASTLEMANE, INC., § <br> PRORENTALS, INC., § <br> SUPERIOR VEHICLE LEASING CO., § <br> INC., and § <br> MG BROWN COMPANY, LLC, § <br>       Debtors. § | CIVIL ACTION NO. H-14-2967 |

## **MEMORANDUM AND ORDER**

This bankruptcy case is before the Court on Rachel Brown's Amended Application for Family Allowance and Allowance in Lieu of Homestead and Exempt Property ("Application"). United States Bankruptcy Judge Jeff Bohm issued a Memorandum Opinion [Doc. # 1] recommending that the Application be granted to the extent that Applicant Brown receive payment from the Debtor's probate estate in the amount of $18,000.00, the maximum allowable under Florida law. Applicant Brown filed an Objection to Judge Bohm's recommendation, arguing that Texas law, not Florida law, should govern either because the law of the widow's and family members' domicile – Texas – should govern or, alternatively, because Debtor was domiciled in Texas at the time of his death.

The cases cited by Judge Bohm in his Memorandum Opinion support the legal conclusion that the domicile of the Debtor at the time of his death governs the family allowance to which Applicant Brown is entitled. Additionally, this holding is supported by *In re Estates of Garcia-Chapa*, 33 S.W.3d 859 (Tex. App. – Corpus Christi 2000, no pet.). In that case, the Texas Court of Appeals held that the "laws of the domicile of a person who dies intestate controls in the succession of movable or personal property of his estate."[1] *Id.* at 861. As a result, this Court holds that the Application is governed by the law of the state in which Brown was domiciled at the time of his death in November 2013.

Applicant argues that Brown was not domiciled in Florida because Applicant and her children resided in Houston, Texas. The undisputed evidence in the record is that Debtor and Applicant separated in August 2010 and began acrimonious and protracted divorce proceedings. It is undisputed that Debtor moved to Florida in 2012, where he owned extensive personal property including expensive vehicles and a yacht. Debtor continued to live in Florida until his death in November 2013. The evidence in the record shows that Debtor, after his separation from Applicant, moved to and became domiciled in Florida.

---

[1] In this case, Brown died leaving seven different wills, the validity of each being in question. No will has been probated and, effectively, Brown died intestate.

The Court has carefully reviewed the full record, including Applicant's Objection, and the applicable legal authorities. Based on this review, the Court overrules the Objection, adopts Judge Bohm's proposed Findings of Fact and Conclusions of Law, and enters final judgment that the Application is granted to the extent that Applicant Rachel Brown shall receive a family allowance from the assets of Debtor's probate estate in the lump sum of $18,000.00. Accordingly, for the reasons set forth in Judge Bohm's Memorandum Opinion and the reasons stated herein, it is hereby

**ORDERED** that Applicant's Objection [Doc. # 6] is **OVERRULED**. It is further

**ORDERED** that the Findings of Fact and Conclusions of Law set forth in Judge Bohm's Memorandum Opinion [Doc. # 1] entered October 17, 2014, are **ADOPTED** as the Findings of Fact and Conclusion of Law of this Court, as supplemented herein. It is further

**ORDERED** that the Application is **GRANTED** to the extent that Rachel Brown shall receive a family allowance from the assets of the Debtor's probate estate in the total amount of $18,000.00, payable in a single lump sum.

The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this **23rd** day of **December, 2014.**

_____
Nancy F. Atlas
United States District Judge